Mathews, J.
delivered the opinion of the court. This case is in many respects, similar to that of Ramsey vs. Stephenson, lately decided in this court, ante 23. The debtors, in both cases appear to be insolvent, and attempted to assign their property to trustees, for the payment of their debts. The deeds of cession, in both instances, contain stipulations, by virtue of which the creditors are classed, and a preference is given to some, in exclusion of the rights of others. In the case alluded to, the assignment is of all the property of the debtor, without limitation. In the one under consideration, although from the evidence, it would seem that the defendants and appellants expressed, in their deed of assignment, an intention to con *143 vey all their property; yet, it is stated by the assignees, who are witnesses in the case, that the deed, having reference to a schedule annexed thereto, nothing passed by it, except what is designated in the schedule; so that the property here attached by the plaintiff and appellee, was left under the dominion and control of the defendants and appellants.
The plaintiff's claim is opposed on the ground, that the respite granted by him, jointly with several others, who executed a letter of license, as it is termed, had not expired at the inception of the present suit: and further, that according to the stipulations of that instrument, he has forfeited every claim to payment, by an improper and premature prosecution.
The letter of license, was executed on the 19th of June 1816. On the part of the creditors, it purports to grant an indulgence to the debtors, by allowing them a term of payment, for debts then due, in consideration of their inability to pay immediately. On the 20th of September of the same year, the defendants stopped payment, and assigned their property to some of their creditors, for the purpose already stated. It appears from the testimony of these assignees, that the amount of the property ceded, is not sufficient to discharge the debts, due *144 to those whom the debtors thought proper to class as privileged creditors.
No claim to the property attached having been put in, under the assignment, there is but one question to be decided. Is the plaintiff and appellee exonerated from the obligation imposed upon him by the letter of license, in consequence of the subsequent conduct of the defendats and appellants, and was he so, at the inception of this suit?
The defendants may justly be considered, as having been insolvent, at the time of exeuting the deed of assignment, and even so at the inception of the suit: and from the evidence, we believe that they were in insolvent circumstances at both these periods. The principles of law, cited from Pothier and other authors, on which the district court, seems to have founded its judgment, are strictly applicable to this case, and no doubt can be entertained of their soundness. They are common to every question of bankruptcy, or insolvency. In cases of failure, creditors, even when the time of payment has not yet expired, are entitled to receive dividends of the insolvent's estate. In other words, the debt becomes payable, by the insolvency of the debtor. The debt being thus payable, the creditor has a right to pursue all legal remedies to pursue all legal remedies *145 in his power for the recovery of it; and may, in case of a voluntary assignment by the debtor, to some of his creditors, if he be not a party to such an agreement, seize on any property not actually delivered, under such an assignment, as we have already determined in Ramsey vs. Stephenson; and certainly with equal, or greater propriety, may be proceed against any property not claimed by the assignee, or pretended to be conveyed by the deed of assignment. This being the situation of the property, attached in the present suit, there is no error in the decision appealed from.
It is therefore, ordered, adjudged and decreed, that thejudgment of the district court be affirmed with costs.